IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TOBY D. WILCOX,

    Petitioner,

    v.

TOLEDO CORRECTIONAL
INSTITUTION,

    Respondent.

CASE NO. 2:17-CV-00604
JUDGE MICHAEL H. WATSON
Magistrate Judge Kimberly A. Jolson

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has requested to proceed *in forma pauperis*. (Doc. 3). His motion for leave to proceed without payment of fees or costs is **GRANTED**.

This matter is before the Court on its own motion to consider the sufficiency of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the undersigned **RECOMMENDS** that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as successive.

## I. Facts and Procedural History

Petitioner challenges his August 18, 2005, convictions after a jury trial in the Franklin County Court of Common Pleas on six counts of aggravated murder, one count of attempted aggravated murder, two counts of aggravated kidnapping, one count of aggravated robbery, and one count of aggravated burglary. Petitioner was sentenced to a term of life imprisonment without the possibility of parole plus forty-three years. The Ohio Tenth District Court of Appeals affirmed the judgment of the trial court. *State v. Wilcox*, No. 05AP-972, 2006 WL 3743828 (Ohio Ct. App. Dec. 21, 2006). On May 2, 2007, the Ohio Supreme Court denied

Petitioner's motion for leave to file a delayed appeal. *State v. Wilcox*, 113 Ohio St.3d 1486 (2007). Petitioner also unsuccessfully pursued state post-conviction relief. *See State v. Wilcox*, No. 13AP-402, 2013 WL 5476397 (Ohio Ct. App. 2013); *State v. Wilcox,* No. 13AP-477, 2014 WL 1350903 (Ohio Ct. App. 2014).

On July 17, 2017, Petitioner filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He asserts that the trial court erred by failing to provide a jury instruction on the lesser included offense of murder (claim one); that his convictions were against the manifest weight of the evidence (claim two); that the trial court erred in permitting admission of Petitioner's statements against him (claim three); that his convictions are based on the admission of unreliable DNA evidence obtained in violation of his constitutional rights (claim four); that the trial court lacked subject matter jurisdiction (claim five); that his indictment was fatally flawed, in violation of his constitutional rights (claim six); that he was unconstitutionally denied the right to a preliminary hearing (claim seven); that he was denied the right to the effective assistance of trial and appellate counsel (claim eight); and that he was not properly bound over, in violation of the Constitution (claim nine).

However, this is not Petitioner's first federal habeas corpus petition. On April 10, 2008, Petitioner filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging these same convictions. On September 2, 2009, this Court dismissed that action as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d). *Wilcox v. Kerns*, No. 2:08-cv-318, 2009 WL 2899892 (S.D. Ohio Aug. 2, 2009).

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a district court lacks jurisdiction to entertain a successive petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such successive petition. 28 U.S.C.

§ 2244(b). Unless the court of appeals has given approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (*per curiam*). "[W]hen a prior petition is dismissed because the petitioner procedurally defaulted his claims in state court, the dismissal qualifies as a decision 'on the merits.'" In such a case, the prisoner must obtain authorization from the court of appeals pursuant to § 2244(b)(3) before filing a subsequent federal habeas application." *Smith v. Warden, Lebanon Corr. Inst.*, No. 1:16-cv-998, 2016 WL 6790800, at *2 (S.D. Ohio Oct. 27, 2016) (citing *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000); *Carter v. United States*, 150 F.3d 202, 205–06 (2d Cir. 1998)).

As discussed, Petitioner's previous petition was dismissed as barred by AEDPA's one-year statute of limitations. "[I]t is well-settled that when the prior petition is dismissed because the petitioner procedurally defaulted his claims in state court or because the petition is barred by the statute of limitations, the dismissal is an adjudication of the merits of the claims[.]" *Sudberry v. Warden, Leb. Corr. Ins.*, No. 1:17-cv-45, 2017 WL 1050493, at *2 (S.D. Ohio Feb. 28, 2017). In such a case, "the petitioner must obtain prior authorization from the court of appeals pursuant to § 2244(b)(3) before filing a subsequent federal habeas application." *Id*. That is the circumstance here.

## II. Recommended Disposition

For the foregoing reasons, the undersigned **RECOMMENDS** that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as successive.

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

Date: July 14, 2017
/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE